IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **JERRY COOK II,** § | | |
| § | | |
| **PLAINTIFF,** § | | |
| § | | |
| V. § | CAUSE NO. 7:25-cv-00074 | |
| § | | |
| **CITY OF STANTON, TEXAS,** § | | |
| § | | |
| **DEFENDANT.** § | JURY DEMANDED | |

**PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**Plaintiff Jerry Cook II ("Plaintiff")** files this Complaint and would respectfully show the Court as follows:

NATURE OF THE CASE

1.      This is an action for disability discrimination in violation of the Americans with Disabilities Act of 1990 (ADA).  **Defendant City of Stanton, Texas ("Defendant")** fosters a workplace culture that is hostile towards employees with medical conditions and disabilities, fails to provide reasonable accommodations, and punishes those who require medical leave.

PARTIES

2.      Plaintiff is an individual who currently resides in Midland County, Texas.

3.      Defendant is a local public entity as defined by 42 U.S.C. § 12131(1)(A), located in Stanton, Texas, with a seat in Martin County.  Defendant may be served through the City Mayor, Sally Whitmore Poteet at 102 W. School Street, Stanton, Texas, 79782, or wherever she may be found.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has federal question jurisdiction because the action arises under the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C § 12101 et seq.

5. Venue is proper in the U.S. District Court for the Western District of Texas pursuant to 42 U.S.C. § 1391(b) because the unlawful practices alleged below were committed therein.

## FACTS

6. Plaintiff was employed as an officer and investigator with the Stanton Police Department for approximately two and a half years preceding the events giving rise to this legal action.

7. In May 2024, Plaintiff began experiencing pain and swelling in his testicle and was seen by his medical provider on May 15. He was released to work on light duty by his medical provide effective May 17, 2024, and was advised to remain on this restriction until further notice and dependent on results from subsequently scheduled diagnostic testing.

8. Plaintiff turned in the medical excuse note to his department immediately following this appointment.

9. Plaintiff attempted to return to work as indicated but due to experiencing severe pain, Plaintiff was forced to call in sick for one day of work.

10. Upon returning to duty from this medical-related absence, Captain Dustin Franco informed Plaintiff that he had to turn in his department-issued vehicle due to his light-duty status, despite Captain Franco himself having been on light duty without surrendering his department-issued vehicle.

11. On May 23, 2024, Plaintiff underwent a sonogram imaging test which was read and reported by radiology to his medical provider advising that they had found a noncancerous tumor.

12. Plaintiff and his medical provider originally discussed that he would not be released back to work until the results of the test were shared with and explained to him.

13. Plaintiff's medical provider was not able to share the results with him until Tuesday, May 28 due to the prior weekend and that Monday, May 27 was Memorial Day.

14. When the results were read and reported to his medical provider by radiology, the clinic generated a return-to-work note for Plaintiff that defaulted his return-to-work date to match the date the results were available, which was May 23.

15. Because Plaintiff's medical provider had not been able to confer with Plaintiff until May 28 due to the clinic being closed for the Memorial Day holiday, she altered the computer printed date on the note in pen from May "23" to May "28," the prescribed and discussed return date which occurred only after they had been able to speak about the test results.

16. Plaintiff's medical provider has submitted a written attestation to this fact.

17. When Plaintiff returned to work on May 28, he gave his "return to work" release to his superiors and advised Captain Franco and Police Chief Joe Robert Morales that he might require surgical intervention, necessitating a medical leave of up to one month.

18. When Plaintiff showed up for a scheduled shift the following day, May 29, 2024, Plaintiff was presented with a "Letter of Termination from Employment from City of Stanton," and was terminated by Chief Morales.

19. Chief Morales accused Plaintiff of forging the doctor's note and taking three unauthorized days off of work.

20. Although aggrieved and dumbfounded, Plaintiff acted as a professional, turned in all of his department-issued equipment and left the department.

21. Plaintiff lost his medical insurance, including coverage for his children.

22. Months later, Chief Morales issued a letter on department letterhead exonerating Plaintiff from any misconduct.

23. Defendant failed to rectify their erroneous and adverse employment action against Plaintiff by offering reinstatement or compensating Plaintiff for lost wages.

24. Other than some part-time security work, Plaintiff was unemployed until he took office as the Constable for Precinct 3 in Midland County on January 1, 2025.

## WORKPLACE SAFETY RULES

25. Employers must maintain a workplace free from unlawful discrimination, including disability-based discrimination.

26. Employers must provide reasonable accommodation to qualified employees with disabilities or at least engage in the interactive process to determine available and reasonable accommodations under the ADA.

27. Employers are required to ensure that employment decisions, including assignments, accommodations, and disciplinary actions, are made in compliance with the Americans with Disabilities Act, without regard to an employee's actual or perceived disabilities.

## CAUSE OF ACTION – DISABILITY DISCRIMINATION

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. Plaintiff is an employee within the meaning of the Americans with Disabilities Act (ADA). *See* 42 U.S.C. §12111(4).

30. Defendant is an employer within the meaning of the ADA. *See* 42 U.S.C. §12111(5).

31. Plaintiff is a qualified individual with a disability as defined by the ADA. *See* 42 U.S.C. §12102, 12111(8).

32. A "disability" is "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §12102(1).

33. A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. §12111(8).

34. In the event that Plaintiff's condition is not an actual disability as defined by the ADA, Defendant regarded him as disabled, and/or he has a record of disability.

35. Plaintiff is otherwise qualified to perform the essential functions of the jobs of police officer and investigator. He had been performing the job duties for more than two years and had never written up by Defendant. He is a licensed Master Peace Officer and currently serves as Constable, Precinct 3, in Midland County.

36. Defendant failed to accommodate Plaintiff's disability by disciplining him for taking days off and firing him before he could take a medical leave of up to one month. A one-month medical leave is a reasonable accommodation.

37. Defendant terminated Plaintiff because of his disability, record of disability, or perceived disability. Defendant terminated Plaintiff the day after he notified his superiors of the possible need for medical leave of up to one month. The reason given for the termination relates entirely to Plaintiff's medical condition. In other words, no other misconduct or circumstance has been offered to justify the termination. But for his disability, Plaintiff would not have been terminated.

38. As a result of Defendant's actions, Plaintiff suffered lost wages and benefits and emotional distress.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

39. Plaintiff timely filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission (EEOC) on or about November 18, 2024. Plaintiff timely files this suit within ninety days of receiving the Right to Sue Notice. A copy of the Right to Sue Notice is attached as Exhibit A.

## CONDITIONS PRECEDENT

40. All conditions precedent have been performed or have occurred.

## DAMAGES

41. Reinstatement is not practicable due to the irreparable harm caused by Defendant's discriminatory actions, including the loss of trust and hostility within the workplace and possible lingering stigma and adverse treatment from colleagues and superiors. Defendant's failure to acknowledge wrongdoing or take corrective measures demonstrates an ongoing unwillingness to comply with anti-discrimination laws, making a return to employment unfeasible.

42. Plaintiff has suffered substantial damages, including but not limited to lost wages and employment benefits, emotional distress, and reputational harm. Plaintiff has further endured financial hardship due to his inability to afford necessary medical treatment, exacerbating his physical and emotional suffering. Plaintiff seeks back pay, front pay, and compensatory damages for emotional distress and mental anguish.

## ATTORNEY'S FEES

43. Plaintiff was forced to engage counsel to protect his rights. Plaintiff is entitled to an award of attorneys' fees and costs (including but not limited to an award of reasonable expert witness fees), both trial and appellate, under the ADA, 42 U.S.C. §12205.

## INTEREST

44. Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

## JURY TRIAL DEMAND

45. Plaintiff demands a jury trial.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendant for the following:

a. Past and future compensatory damages as alleged above;

b. Past and future lost wages and benefits (backpay and front pay);

c. Attorneys' fees and costs;

d. Prejudgment and post-judgment interest;

e. Such other and further relief, at law or in equity, to which Plaintiff may show himself justly and lawfully entitled.

Respectfully submitted,

By: /s/ Holly B. Williams
    Holly B. Williams
    Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com

                                                  **ATTORNEY FOR PLAINTIFF**
                                                  **JERRY COOK II**

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

El Paso Area Office
100 N. Stanton Street, Suite 600
El Paso, TX 79901
(800) 669-4000
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/20/2024

**To:** Mr. Jerry Cook II
2608 Holloway Avenue
Midland, TX 79701

Charge No: 453-2025-00308

EEOC Representative and email:   Alvaro Valdez
Senior Investigator
alvaro.valdez@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 453-2025-00308.

On behalf of the Commission,

Digitally Signed By: Elizabeth Porras
11/20/2024
Elizabeth Porras
Area Office Director

**Cc:**
Jessie Montez
City of Stanton, Texas
P.O. Box 370
Stanton, TX 79782

Paige Skehan
City of Stanton, Texas
P.O. Box 81
Rankin, TX 79778

Holly B. Williams Esq.
Williams Law Firm, P.C.
1209 W. Texas Ave.
Midland, TX 79701


Please retain this notice for your records.