IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| JERRY COOK II,<br>Plaintiff,<br><br>v.<br><br>CITY OF STANTON, TEXAS<br>Defendant. | CAUSE NO. 7:25-cv-00074-DC-RCG |

### DEFENDANT CITY OF STANTON, TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the City of Stanton, Texas ("City" or "Defendant"), and files this Original Answer to Plaintiff Jerry Cook II's ("Plaintiff") Original Complaint, and in support thereof would show the Court as follows:

### I.  ANSWER

### NATURE OF THE CASE

1. Defendant admits Plaintiff alleges discrimination on the basis of an alleged disability in violation of the Americans with Disabilities Act of 1990 ("ADA") but denies that it engaged in such actions or omissions and all other allegations contained in paragraph 1 of Plaintiff's Original Complaint.

### PARTIES

2. Defendant admits Plaintiff is an individual but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 2 of Plaintiff's Original Complaint.

3. Defendant admits the allegations contained in paragraph 3 of Plaintiff's Original Complaint.

## JURISDICTION AND VENUE

4. Defendant admits this Court has jurisdiction over the subject matter of this action but denies it engaged in actions or omissions such as would constitute a violation of the ADA.

5. Defendant admits venue is proper in this District because a substantial portion of the events giving rise to Plaintiff's claims occurred in this District but denies that any such conduct or events were unlawful.

## FACTS

6. Defendant admits the allegations contained in paragraph 6 of Plaintiff's Original Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Original Complaint.

8. Defendant admits it received a medical excuse note from Plaintiff but denies that the Plaintiff turned in the medical excuse note immediately following his appointment on May 15, 2024.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Original Complaint.

10. Defendant admits Plaintiff was asked to turn in his department-issued vehicle due to his light-duty status, consistent with department policy. Defendant denies the allegations concerning Captain Dustin Franco's ("Franco") use of a department-issued vehicle while on light-duty status.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Original Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Original Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Original Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Original Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Original Complaint.

16. Defendant admits Plaintiff's medical provider submitted a written letter taking responsibility for the alteration of the medical excuse documentation.

17. Defendant denies Plaintiff returned to work on May 28, 2024. Defendant admits Plaintiff provided Franco and Police Chief Joe Robert Morales ("Morales") a note from a medical provider authorizing a return to work. Defendant denies the remainder of the allegations contained in paragraph 17 of Plaintiff's Original Complaint.

18. Defendant admits the allegations contained in paragraph 18 of Plaintiff's Original Complaint.

19. Defendant admits the allegations contained in paragraph 19 of Plaintiff's Original Complaint.

20. Defendant admits Plaintiff eventually turned in all of his department-issued equipment and left the department. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 20 of Plaintiff's Original Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 21 of Plaintiff's Original Complaint.

22. Defendant admits it issued a letter concluding Plaintiff did not engage in dishonest conduct related to the alteration of the medical excuse documentation.

23. Defendant denies that its termination of Plaintiff was erroneous or unlawful in any manner and denies that Plaintiff had any lawful right or valid basis to receive reinstatement or compensation for lost wages.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 24 of Plaintiff's Original Complaint.

## WORKPLACE SAFETY RULES

25. No response is necessary as this paragraph is a purported legal conclusion or statutory interpretation. This paragraph does not contain a short and plain statement as required by Rule 8.

26. No response is necessary as this paragraph is a purported legal conclusion or statutory interpretation. This paragraph does not contain a short and plain statement as required by Rule 8.

27. No response is necessary as this paragraph is a purported legal conclusion or statutory interpretation. This paragraph does not contain a short and plain statement as required by Rule 8.

## CAUSE OF ACTION- DISABILITY DISCRIMINATION

28. No response is necessary for this paragraph.

29. Defendant admits the allegations contained in paragraph 29 of Plaintiff's Original Complaint.

30. Defendant admits the allegations contained in paragraph 30 of Plaintiff's Original Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 31 of Plaintiff's Original Complaint. To the extent a response is required, Defendant denies Plaintiff is a qualified individual with a disability as defined by the ADA.

32. No response is necessary as this paragraph contains statutory interpretation. This paragraph does not contain a short and plain statement as required by Rule 8.

33. No response is necessary as this paragraph contains statutory interpretation. This paragraph does not contain a short and plain statement as required by Rule 8.

34. Defendant denies that it regarded Plaintiff as disabled and that he had a record of disability.

35. Defendant denies that Plaintiff was qualified to perform the essential functions of the jobs of police officer and investigator. Defendant admits that as the time of Plaintiff's termination, Plaintiff was a licensed Master Peace Officer but is without sufficient information to form a belief as to Plaintiff's current license or credentials. Defendant admits the remainder of the allegations contained in paragraph 35 of Plaintiff's Original Complaint.

36. Defendant denies that it failed to accommodate Plaintiff, that Plaintiff had a disability as defined by the ADA, and that it fired him before he could take a medical leave of up to one month. Defendant denies that a one-month medical leave is a reasonable accommodation given the nature of the work performed and the shortage in staffing at all times relevant to this lawsuit.

MIDLAND\004785\000387\3774613.1

37. Defendant denies all allegations contained in paragraph 37 of Plaintiff's Original Complaint.

38. Defendant denies the violation of any relevant laws or statutes which would entitle Plaintiff to the recovery of damages for lost wages, benefits or emotional distress.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

39. Defendant admits the timeliness of Plaintiff's Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the filing of this lawsuit, however, it denies the substance of the facts and allegations asserted therein.

## CONDITIONS PRECEDENT

40. Defendant denies Plaintiff's allegation that he has performed all conditions necessary to bring this action.

## DAMAGES

41. Defendant denies the violation of any relevant laws or statutes which would entitle Plaintiff to reinstatement. Defendant denies it engaged in actions or omissions that amounted to unlawful discrimination and that it is demonstrating an ongoing willingness to comply with relevant federal or state law.

42. Defendant denies Plaintiff has suffered substantial damages and denies it violated any relevant laws or statutes which would entitle Plaintiff to recover alleged damages.

## ATTORNEY'S FEES

43. Defendant denies it violated any relevant laws or statutes which would entitle Plaintiff to recover attorneys' fees and costs.

### INTEREST

44. Defendant denies it violated any relevant laws or statutes which would entitle Plaintiff to recover pre- and post- judgment interest.

### JURY TRIAL DEMAND

45. No response is necessary for this paragraph.

### II. AFFIRMATIVE AND OTHER DEFENSES

46. Pleading further, if such be necessary and in the alternative, the City of Stanton, Texas is a governmental entity entitled to immunity under the Constitution and laws of the State of Texas and the Constitution and laws of the United States, including sovereign immunity, qualified immunity, governmental immunity and official immunity which bar all or a portion of the damages requested by Plaintiff.

47. Pleading further, if such be necessary and in the alternative, discovery may reveal Plaintiff has failed to mitigate his damages.

48. Pleading further, if such be necessary and in the alternative, Plaintiff does not suffer from a disability as that term is defined in the ADA.

49. Pleading further, if such be necessary and in the alternative, Plaintiff's alleged impairment, if any, was not sufficiently severe so as to qualify as a disability as defined in the ADA.

50. Pleading further, if such be necessary and in the alternative, Plaintiff is not a qualified individual because he could not perform the essential functions of the job.

51. Pleading further, if such be necessary and in the alternative, Plaintiff did not identify or request a reasonable accommodation.

52. Pleading further if such be necessary and in the alternative, the applicable standards, criteria, and/or policies of Defendant are: (1) uniformly applied; (2) job related; and (3) consistent with business necessity.

53. Pleading further if such be necessary and in the alternative, Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory conduct, if any.

54. Pleading further if such be necessary and in the alternative, Defendant has made good faith efforts to comply with the ADA.

55. Pleading further if such be necessary and in the alternative, Defendant's conduct was based on legitimate, non-discriminatory reasons unrelated to Plaintiff's allegations in this lawsuit, and no genuine issue of material fact exists to the contrary. If any action taken by Defendant was motivated in part by discrimination, which Defendant denies, Defendant would have taken the same action irrespective of such motive.

56. Pleading further if such be necessary and in the alternative, any punitive damages are barred by the Due Process Clause of the United States Constitution.

### III.  DEFENDANT'S ATTORNEYS' FEES

57. Pursuant to 42 U.S.C. § 12205 Defendant is entitled to its reasonable attorneys' fees, to the extent requesting such fees does not waive any privileges or immunities to which it is entitled.

### IV.  CONCLUSION

Defendant requests that this Court deny all Plaintiff's claims and that Plaintiff recover nothing by this suit.

Respectfully submitted,

By: /s/*Aaron M. Dorfner*
**Aaron M. Dorfner**
State Bar No. 24040824
adorfner@cbtd.com
**Monique R. Wimberly**
State Bar No. 24110540
mwimberly@cbtd.com

OF

COTTON, BLEDSOE, TIGHE & DAWSON
A Professional Corporation
P. O. Box 2776
Midland, Texas 79702
(432) 684-5782
(432) 682-3672 (FAX)

**ATTORNEYS FOR DEFENDANT
CITY OF STANTON, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Holly B. Williams
WILLIAMS LAW FIRM, P.C.
1209 W. Texas Ave.
Midland, TX 79701
432-682-7800
holly@williamslawpc.com

**ATTORNEY FOR PLAINTIFF
JERRY COOK II**

/s/ *Monique R. Wimberly*
**Monique R. Wimberly**

MIDLAND\004785\000387\3774613.1